**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VALERIE FLORES,** ) | |
| ) | |
| Plaintiff ) | |
| v. ) | **Civil No. 26-809** |
| **CITY OF PITTSBURGH, PA Emergency** ) | |
| **Medical Services, UPMC-Pittsburgh, PA,** ) | |
| **Rebecca Fabro,** *UPMC-Pittsburgh PA*, ) | |
| **Isiah Crum,** *UPMC-Pittsburgh PA*, ) | |
| **UPMC Pittsburgh, PA Security,** ) | |
| **LIEUTENANT JOHN DOE,** *Unknown* ) | |
| *black male Security*, **UPMC Pittsburgh,** ) | |
| **PA, JANE DOE,** *Unknown blond female,* ) | |
| *discharge representative employee, UPMC* ) | |
| *Security*, ) | |
| ) | |
| Defendants. ) | |

**Memorandum Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis*

and attaching a Complaint and Request for Injunction. Plaintiff sues the City of Pittsburgh, PA

Emergency Services, UPMC, UPMC Security, three UPMC employees (Rebecca Fabro, John

Doe, and Jane Doe) and one former UPMC employee (Isiah Crum). ECF No. 1. Ms. Flores seeks

injunctive relief against said Defendants in the form of a restraining order and/or a cease-and-

desist order. She requests $2,000,000 in damages. Her motion to proceed *in forma pauperis* will

be granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's

Complaint, the Court will, sua sponte, dismiss the Complaint in accordance with 28 U.S.C. §

1915(e).

### I.      Motion to Proceed in Forma Pauperis

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C.

§ 1915(a). Upon review of Plaintiff's Motions and her affidavits in support, the Court finds the

Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed *in forma pauperis*.

## II.    Discussion

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A review of the Complaint demonstrates that Plaintiff has failed to state any claim upon which relief can be granted.

Plaintiff's basis for jurisdiction in federal court is diversity of citizenship. Plaintiff is a citizen of New York, while Defendants are citizens of Pennsylvania. Ms. Flores also cites the following statutes in favor of establishing federal jurisdiction: 15 U.S.C. § 1692(d), 18 U.S.C. §2261A, 18 U.S.C.§ 287, 18 U.S.C. § 1201, 1203, 18 U.S.C. § 1584, 28 U.S.C. § 265042 U.S.C. § 1320a-7b(b), 42 U.S.C. § 10802, and 42 U.S.C § 1320a-7c.

To begin with, it is clear that the federal statutes Ms. Flores cites have no connection to any of her claims. Section 1692(d) of United States Code Title 15 applies to a debt collector and, among other things, prohibits the use of harassment or abuse in debt collection. She also cites to several criminal statutes in Title 18 of the United States Code, which are not relevant to the instant action: 18 U.S.C.§§ 287 (false or fraudulent claims submitted to the government), 1201 (kidnapping), 1203 (ransom money), 1584 (selling a person into involuntary servitude), 2261A (stalking). Further, there is no private right of action pursuant to said criminal statutes. Section 2680 of United States Code Title 28 provides exceptions to the Federal Tort Claims Act, which is not at issue in Ms. Flores' Complaint. Finally, Title 42 of the United States Code concerns "The Public Health and Welfare." The specific sections of Title 42 cited by Ms. Flores are

clearly not applicable to her claims in this case as they address exclusion of individuals and entities from participating in Medicare and state health care; programs establishing and implementing a fraud and abuse program; and definitions regarding protection and advocacy systems.

Therefore, it appears that Ms. Flores is attempting to raise only state law tort claims based upon allegations of stalking, harassment, and theft. Although she seeks $2,000,000 in damages, the allegations do not appear to support such a high amount in controversy. Factually, Ms. Flores alleges that, in 2023, UPMC employees and/or a paramedic, stalked and harassed her, stole her wallet, and made fraudulent charges on her credit card. She alleges that said actions occurred in retaliation for Ms. Flores filing a medical malpractice lawsuit in 2023/2024, against unnamed medical professionals and the company they worked for. With respect to the stolen wallet, she alleges that she "believes" it was stolen by a UPMC employee or the paramedic who transported her. She also recounts several times when she believed she saw one or another of the Defendants stalking her in Pittsburgh, New York, and Sacramento.

As to when any of the events took place, Ms. Flores alleges that the theft of her wallet occurred in 2023. She alleges that she filed a medical malpractice lawsuit in 2023/2024. Finally, she alleges that in March 2024 or April 2024, while in Sacramento, California, she saw someone who "could have been [Defendant] Isiah Crum." Compl. at 4. Ms. Flores allegations that certain events occurred sometime in 2023 or 2024 does not provide sufficient information to permit a Defendant to defend against the lawsuit. The specific references to March and April 2024 are unhelpful as said event occurred in California, Ms. Flores is only able to offer her belief that the person she saw was one of the Defendants, and there is a lack of supporting allegations for a cause of action for the event California.

3

Similarly, the actual alleged events, and Defendants alleged wrongful conduct, are so generally provided that Defendants face vague accusations of stalking and harassment occurring sometime in 2023 to 2024, at unspecified locations. Ms. Flores does allege that there have been three to four incidents, but again, she does not provide sufficient details as to who (which individual Defendants were involved), what (what did Defendants do), where (where did each of the incidents occur), and when (approximate dates of when the incidents occurred).

As stated, the only claims that appear to be relevant to Ms. Flores' Complaint are state law claims of stalking, harassment, and theft. In Pennsylvania, there is no private right of action for a civil tort of stalking and harassment. *Sullivan v. Borough of Hellertown*, No. CIV.A. 02-8885, 2003 WL 21664848, at *1 (E.D. Pa. June 25, 2003) (citing *Avery v. Mitchell*, 1999 WL 240339, at *10 (E.D.Pa.1999) (explaining that the "tort of harassment is not recognized by Pennsylvania courts because an action for invasion of privacy is ordinarily an adequate remedy for highly offensive conduct which unreasonably interferes with another's right to be left alone"). Such claims may possibly be pursued, if relevant, under state law tort actions of invasion of privacy, intentional infliction of emotional distress, or assault. The "theft" claim may potentially be brought under the intentional tort of conversion, which permits a private citizen to recover stolen property. Based on the above the Court concludes that Ms. Flores has failed to state a claim for stalking, harassment, or theft, upon which relief can be granted. She will be given leave to file an Amended Complaint to cure the deficiencies identified herein.

The Court finds no viable claims asserted against any of the organizational Defendants: City of Pittsburgh; PA Emergency Medical Services, UPMC - Pittsburgh, PA; and UPMC Pittsburgh, PA Security. Indeed, there are few allegations asserted against these Defendants. As such, these Defendants will be dismissed without prejudice. Any claim attempted to be asserted

4

against one of these entities must allege a cause of action along with supporting factual allegations; that is, Ms. Flores should provide the who, what, where, when, and how of the alleged events.

Accordingly, based upon the foregoing reasons, Plaintiff cannot state a claim upon which relief can be granted, the Complaint will be dismissed, without prejudice.

### III.    Conclusion

Plaintiff's Complaint does not state a claim upon which relief can be granted. Leave to amend will be permitted. Accordingly, the Complaint will be dismissed, without prejudice.

The following Order is hereby entered.

### ORDER

And now, this 20th day of July 2026, it is hereby ORDERED as follows:

The Complaint, ECF No. 1, has previously been filed as the Complaint of record in this action by the Western District of New York. The case was subsequently transferred from New York to the Western District of Pennsylvania.

Plaintiff's Motions to Proceed *in forma pauperis*, ECF No. 2 & 10. Said Motions are GRANTED.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff cannot support any claim against the Defendants.

All claims are dismissed for failure to state a claim upon which relief can be granted. Plaintiff is permitted leave to amend her Complaint as to claims asserted against the individual

Defendants. Plaintiff is also permitted leave to amend her complaint to assert proper claims

against the organizational Defendants.

Any amended complaint is due by <u>August 31, 2026</u>. If no amended complaint is filed by

<u>August 31, 2026</u>, this case shall be dismissed, and the case will be closed without further notice.

<u>  s/<em>Marilyn J. Horan</em>     </u>
Marilyn J. Horan
United States District Court Judge

Valerie Flores
P.O. Box 1110 ACP 5749
Albany, NY 12201