**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VALERIE FLORES,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 26-809** |
| | ) | |
| **CITY OF PITTSBURGH, PENNSYLVANIA (EMERGENCY MEDICAL SERVICES), PARAMEDICS; UPMC PITTSBURGH, PENNSYLVANIA; REBECCA FABRO, ISIAH CRUM, AFRICAN AMERICAN MALE, SECURITY GUARD, and WHITE, BLOND FEMALE DISCHARGE REPRESENTATIVE** | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Plaintiff, Valerie Flores, originally initiated this action by suing the City of Pittsburgh, PA Emergency Services, UPMC, UPMC Security, three UPMC employees (Rebecca Fabro, John Doe, and Jane Doe), and one former UPMC employee (Isiah Crum). ECF No. 1. On July 20, 2026, the Court permitted Ms. Flores to proceed *in forma pauperis* and screened her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Complaint was found to be deficient and was dismissed. Ms. Flores was given the opportunity to file an amended complaint no later than August 31, 2026. On August 28, 2026, Ms. Flores filed an Amended Complaint suing the City of Pittsburgh, Pennsylvania (Emergency Medical Services and unnamed paramedics); UPMC Pittsburgh and several UPMC employees (including an African American male security person, a white, blond female "discharge Rep," and Rebecca Fabro); and one former UPMC employee (Isiah Crum). Pursuant to 28 U.S.C. § 1915(e), the Court now screens the Amended Complaint.

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A review of the Amended Complaint demonstrates that Plaintiff has failed to state any claim upon which relief can be granted.

**I. Jurisdiction**

Plaintiff's current bases for establishing jurisdiction in federal court are both diversity of citizenship and federal question jurisdiction. Plaintiff is a citizen of New York, while Defendants are citizens of Pennsylvania. Complicating the validity of diversity jurisdiction is Ms. Flores' statement that Isiah Crum lives in New York. Am. Compl. 6 ("I believe [Crum] to be working in the NYC area"); 8 ("If Isiah Crum is still working and residing somewhere in NYC"). If true, complete diversity to establish federal jurisdiction would not exist.

Ms. Flores also claims that federal question jurisdiction is present and cites the following statutes in favor of establishing federal jurisdiction: 15 U.S.C. § 1692(d), 18 U.S.C. § 2261A, 18 U.S.C. § 287, 42 U.S.C. § 1320a-7a–7c, 18 U.S.C. § 1203, 18 U.S.C. § 1584, 42 U.S.C. § 1983, 28 U.S.C. § 2680, the Stark Law (42 U.S.C. § 1395nn), and the False Claims Act (31 U.S.C. §§ 3729 et seq.). She also lists state law claims of intentional tort, medical malpractice, substantial fraud, and theft. In the body of her Amended Complaint, it is clear she is also raising claims of stalking.

The federal statutes cited by Ms. Flores are nearly identical to the statutes referenced in her initial Complaint. As explained in that Opinion, nearly all of the federal statutes relied upon

by Ms. Flores have no connection to any of her claims. Mem. Op. and Order, July 20, 2026, at 4.

As stated in the Court's prior Opinion:

> Section 1692(d) of United States Code Title 15 applies to a debt collector and, among other things, prohibits the use of harassment or abuse in debt collection. She also cites to several criminal statutes in Title 18 of the United States Code, which are not relevant to the instant action: 18 U.S.C. §§ 287 (false or fraudulent claims submitted to the government), . . . 1203 (ransom money), 1584 (selling a person into involuntary servitude), 2261A (stalking). Further, there is no private right of action pursuant to said criminal statutes. Section 2680 of United States Code Title 28 provides exceptions to the Federal Tort Claims Act, which is not at issue in Ms. Flores' Complaint. Finally, Title 42 of the United States Code concerns "The Public Health and Welfare." The specific sections of Title 42 cited by Ms. Flores are clearly not applicable to her claims in this case as they address exclusion of individuals and entities from participating in Medicare and state health care; programs establishing and implementing a fraud and abuse program; and definitions regarding protection and advocacy systems.

*Id.* at 2–3. In addition, neither the False Claims Act (31 U.S.C. §§ 3729 et seq.) nor the Stark Law (42 U.S.C. § 1395nn) are properly invoked as causes of action in this case. The False Claims Act generally concerns the submission of false claims to the government for reimbursement, while the Stark Law intends to prohibit physicians from making referrals to businesses with which they have a financial relationship. Ms. Flores has not shown that she has standing to assert such claims, and there are no supporting allegations for such claims.

## II. Discussion

Apart from federal question jurisdiction as discussed above, Ms. Flores alleges that her civil rights were violated under 42 U.S.C. § 1983. She also asserts state law tort claims of stalking, harassment, medical malpractice, fraud, and theft. She seeks $4,000,000 in damages. The Court notes that Ms. Flores' allegations appear to be insufficient to support such an amount of damages.

In support of her claims, Ms. Flores alleges the following acts took place from Spring 2023 through Fall 2025. The apparent instigating event is Ms. Flores' allegation that Defendants

held her in a UPMC hospital against her will, for five days. Unfortunately, she does not specify the dates on which the five-day confinement occurred. She does, however, state that the events giving rise to her claims occurred at a UPMC building in Spring 2023. She also alleges that her wallet was missing from her belongings upon discharge from the hospital, and that it was stolen by either a paramedic or a UMPC employee.

She describes some of her "stalking issues with the defendants" as follows:

> I was cut off by a white Jeep Compass in PA on an interstate in 2025 and the woman was blond driving the vehicle. Last fall 2025, I was at a gas station . . . and when I came back out a blond woman was staring at me from her white BMW SUV and [she] resembled Rebecca Fabro. In early 2025, I was . . . waiting for a delayed bus . . . and Isiah Crum showed up with (what I believe was an outreach team) . . . .

Am. Compl. 6. She mentions other incidents, which involved Isiah Crum's apparent supervisor following her to a park in Connecticut, a "woman in scrubs," and someone who looked like Defendant Crum in Sacramento, California. In addition, she alleges that at a library in Pennsylvania, someone who looked like Defendant Fabro's supervisor walked by Ms. Flores.

Concerning the California incident, Ms. Flores is only able to offer her *belief* that the person she saw was Isiah Crum. There continues to be a lack of supporting allegations for a cause of action for the alleged incident in California. Similarly, the alleged stalking events, and related alleged wrongful conduct, are pleaded so generally that Defendants face vague accusations of stalking and harassment occurring sometime from 2023 to 2025, at unspecified locations where, at best, the persons were merely present. Not to mention that, for all but one of the incidents, Ms. Flores is unable to positively identify the alleged stalkers as one of the named Defendants. The allegations fall well short of supporting a stalking or harassment claim. In each alleged incident, a person appeared at a public location where Ms. Flores was present, but none of the alleged stalkers did anything other than appear at the location and look at Ms. Flores. Said

claims of stalking and harassment will be dismissed for failure to state a claim upon which relief can be granted. Leave to amend will be denied as Ms. Flores was given the opportunity to amend her claims, but she was unable to add any allegations that would support a claim of stalking or harassment.

In addition, as previously explained by the Court, there is no private right of action for a civil tort of stalking and harassment in Pennsylvania. *Sullivan v. Borough of Hellertown*, No. CIV.A. 02-8885, 2003 WL 21664848, at *1 (E.D. Pa. June 25, 2003) (citing *Avery v. Mitchell*, No. CIV.A. 98-2486, 1999 WL 240339, at *10 (E.D. Pa. Apr. 20, 1999)). Such claims may possibly be pursued, if relevant, under state law tort actions of invasion of privacy, intentional infliction of emotional distress, or assault. Ms. Flores' state law theft claim may potentially be brought under the intentional tort of conversion, which permits a private citizen to recover stolen property, but her claim of theft is not viable. Thus, dismissal of all claims of stalking, harassment, and theft is warranted, without leave to amend.

Ms. Flores has also not provided sufficient supporting allegations to sustain a valid claim of fraud. With respect to a medical malpractice claim, the Amended Complaint simply does not allege any facts to support such a claim. Both the fraud and medical malpractice claims will be dismissed without leave to amend.

Having reviewed both the original Complaint and the Amended Complaint, it is clear to the Court that Ms. Flores is concerned about being involuntarily held at a hospital, which appears to have the unexpected outcome that a handful of employees continue to stalk and harass her once the hospital stay ended. Her next concern is that her wallet was stolen sometime between when paramedics saw her (the date, time, and location of the paramedics' involvement is not alleged) and when she was released from the hospital. Ms. Flores' Amended Complaint, while

expanding on her original Complaint, does not allege facts to support any federal cause of action, state cause of action, or medical malpractice claim. Thus, the Court concludes that Ms. Flores has failed to state a claim for stalking, harassment, medical malpractice, fraud, or theft upon which relief can be granted.

Finally, the Court finds that it is clear from the face of Ms. Flores' Amended Complaint that her claim under 42 U.S.C. § 1983 is barred by the statute of limitations. "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). Under federal law, the statute of limitations begins to run "when the plaintiff knew or should have known of the injury upon which the action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). A district court may dismiss a claim *sua sponte* where the time bar is apparent from the face of the complaint, and no development of the record is necessary. *Whitenight v. Commonwealth of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017).

Ms. Flores' allegations of stalking and harassment concern private individuals, not persons acting under color of state law, and therefore cannot support a claim under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Only her allegations that she was involuntarily confined at a UPMC hospital and that her wallet was stolen, possibly by a City of Pittsburgh paramedic, could conceivably support such a claim. She alleges that these events occurred in Spring 2023. ECF No. 13, at 5–6. The Court takes judicial notice that the Spring of 2023 ended no later than June 21, 2023. *See* Fed. R. Evid. 201(b)(2). Given that Ms. Flores was confined for five days, she knew or should have known that her rights were violated by potential state actors by June 26, 2023, at the latest. To be timely, this action needed to be filed by June 26, 2025. This action was not filed until December 25, 2025, roughly six months after the limitations period expired. The

Court also finds that amendment would be futile, given that Plaintiff's claim is time-barred by the statute of limitations. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Therefore, Plaintiff's § 1983 claim will be dismissed without leave to amend.

Accordingly, based upon the foregoing reasons, Plaintiff cannot state a claim upon which relief can be granted, the Amended Complaint will be dismissed, without leave to amend.

## III. Conclusion

Plaintiff's Amended Complaint does not state a claim upon which relief can be granted. Accordingly, the Amended Complaint will be dismissed without leave to amend.

Accordingly, the following Order is entered.

## ORDER

And now, this 19th day of November 2026, it is hereby ORDERED as follows:

Upon review of Plaintiff's Amended Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff cannot support any claim against any of the Defendants. All claims are dismissed for failure to state a claim upon which relief can be granted. Leave to amend is denied.

It is further ordered that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff desires to appeal from this Order, she must do so within thirty days by filing a notice of appeal as provided in Rule 3 of the Federal Rules of Appellate Procedure.

The Clerk of Courts is to mark this case closed.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Valerie Flores
P.O. Box 1110 ACP 5749
Albany, NY 12201